UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VICKIE F. ELKINS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-26 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Vickie F. Elkins has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Elkins was born in 1968 and was 35 years old at the time of her administrative hearing. [Tr. 52, 389]. She graduated high school and has relevant past work experience as a machine operator. [Tr. 20]. Ms. Elkins alleges she is disabled as of February 14, 2000, from fibromyalgia with associated headaches and fatigue, joint pain in her arms, back, knees, shoulders, and elbows, depression, anxiety, and memory loss. [*Id*.]. Based upon a finding that her severe impairments

were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Elkins was not disabled as defined by the Social Security Act. [Tr. 24].

At Ms. Elkins' administrative hearing held on December 11, 2003, the testimony of Ms. Elkins and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 389-413]. Ms. Elkins testified she last worked in February 1999 as a hand case maker, sander, and inspector at a printing company. [Tr. 390]. She left that position because she could no longer deal with the stress of working seven days a week with an injured left hand. [Tr. 391]. She identified her number one problem now as being depressed and in pain all the time. [Tr. 392]. She also has pain in her shoulder where it comes out of its socket and pain in her elbow, knee, right leg, and back. [Tr. 392-95]. Ms. Elkins takes medication for the pain which takes "the edge off" of it. [Tr. 395]. She also experiences depression, anxiety, and problems controlling her anger. [Tr. 398-402].

Vocational expert Dr. Robert Spangler testified next that Ms. Elkins' past relevant work as a printing plant machine operator was between medium and heavy and semi-skilled. [Tr. 410]. The ALJ then asked him to assume a woman of Ms. Elkins' age, education, and work background who was restricted to light work (lifting of no more than 20 pounds occasionally and 10 pounds frequently) and a job that allowed her to frequently change positions. [Tr. 410-11]. She would also not be able

2

to reach overhead. [Tr. 411]. According to the vocational expert, such a person could work as a hand packer, assembler, grader, sorter, non-construction laborer, and production machine tender, *inter alia*. [*Id*.]. If such a person also had no useful ability to deal with the public, use judgment with the public, interact with supervisors, and deal with work stresses and a fair or seriously limited but not precluded ability to maintain attention and concentration, demonstrate reliability, and relate predictably in social situations, she would not be able to work. [Tr. 412].

The ALJ ruled that Ms. Elkins was not disabled because her severe impairments of fibromyalgia, multiple joint pain, and mental impairments that result in a limitation of concentration were not severe enough to warrant a finding of disability. [Tr. 24]. The ALJ then found Ms. Elkins retained the residual functional capacity [RFC] to perform simple, light work that allows for frequent postural changes and limited overhead reaching. [*Id*.]. With those limitations, Ms. Elkins could perform work as a hand packer, assembler, grader/sorter, non-construction laborer, machine tender, and personal service assistant. [Tr. 26].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Elkins requests summary judgment and challenges the weight the ALJ afforded to the opinion of her treating physician, Dr. Steven Adkins. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

According to the ALJ, the opinion of Dr. Adkins in July 2003 that Ms. Elkins was disabled from any meaningful employment because of her anxiety and depression was not entitled to any great weight because Dr. Adkins is not a mental health specialist. [Tr. 24]. Pursuant to 20 C.F.R. § 404.1527 (d)(5), which states that less weight may be given to the opinion of a specialist when that opinion lies outside

4

his area of specialty, the ALJ's decision was correct. In addition, Dr. Adkins claimed in November 2003 that Ms. Elkins had a poor or no ability to deal with the public, use judgment with the public, interact with supervisors, deal with work stresses, and understand, remember, and carry out complex instructions. [Tr. 354-55]. Dr. Adkins' November 2003 opinion was inconsistent with the opinions of a state agency psychologist as well as a psychological examiner. State agency psychologist Victor A. Pestrak, Ph.D., found Ms. Elkins could perform simple and some detailed tasks, could work adequately with others, had adequate attention, concentration, persistence, and pace, and could respond adequately to changes in the workplace. [Tr. 314]. And, according to psychological examiner Beth Ballard, M.A., Ms. Elkins had the ability to understand and remember simple instructions, adequately sustain concentration and persistence, maintain socially appropriate behavior and the basic standards of neatness and cleanliness, respond appropriately to changes in the work setting and to be aware of normal hazards and take precautions, and to set realistic goals and make plans independent of others. [Tr. 311]. Mental status examinations of Ms. Elkins also revealed someone who was cooperative, alert, oriented, and had normal speech and thought process. [Tr. 129, 282, 309]. Because the strict findings of Dr. Adkins were inconsistent with other medical evidence on record and were unsupported, the ALJ was allowed to disregard those findings.

5

Ms. Elkins also claims the ALJ erred by not finding her mental impairments were severe enough for a finding of disability. The ALJ noted that Ms. Elkins had not received mental health treatment since 2000, with the exception of prescriptions written by Dr. Adkins. [Tr. 25]. In addition, although the state agency psychologist Victor A. Pestrak, Ph.D., found Ms. Elkins had a dependent/histrionic personality disorder and an anxiety disorder not otherwise specified, he also found she did not have a significant mental impairment. [Tr. 327]. Finally, psychological examiner Beth Ballard, M.A., made the same mental health diagnoses of Ms. Elkins and also found she should have no difficulty in relating to others and had the ability to understand simple instructions, sustain concentration and persistence, act appropriately, deal with work changes, and set realistic goals. [Tr. 311] Based on the above, the ALJ's decision that Ms. Elkins' mental impairments were not severe enough for a finding of disability was made with substantial evidence.

Ms. Elkins finally contends the ALJ erred in stating that 1,825 jobs was a significant number of work she could perform in the local economy. As this court has noted many times before, in *Hall v. Bowen*, 837 F.2d 272, 273-76 (6th Cir. 1988), 1,350 jobs was found to be a significant number of jobs in a region much larger than the one in question in Ms. Elkins' case. And, although there is no magic number that equals the requisite "significant number," this court finds the ALJ was entitled to

6

reasonably rely upon the testimony of the vocational expert.

After careful consideration of the entire record of proceedings related to this case, Ms. Elkins' motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE